RECEIVED
USDC, WESTERN DISTRICT OF LA.
TONY R. MOORE, CLERK
DATE  11 / 19 / 12
BY_____ Dm

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| LACRYSTAL WYATT | CIVIL ACTION NO: 11-1759 |
| VERSUS | JUDGE DONALD E. WALTER |
| TARGET CORPORATION OF MINNESOTA | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is a Motion for Summary Judgment filed by the Defendant, Target Corporation of Minnesota ("Target"). [Doc. #16]. Plaintiff, LaCrystal Wyatt ("Ms. Wyatt"), opposes the motion. [Doc. #20]. For the reasons assigned herein, Defendant's motion is hereby **GRANTED**. Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

## BACKGROUND INFORMATION

Ms. Wyatt filed suit against Target alleging that the company is liable for injuries she sustained after slipping and falling in their Shreveport, Louisiana store. Ms. Wyatt alleges that Target breached its duty to exercise reasonable care to keep the aisles, passageways, and floors of its store in a reasonably safe condition as required by the Louisiana Merchants Liability statute. *See* La. R.S. 9:2800.6.

Ms. Wyatt was shopping in the Shreveport, Louisiana Target store on Wednesday, October 13, 2010 around the noon hour. [Wyatt Deposition at 62]. After shopping for approximately an hour Ms. Wyatt began walking towards the meat counter in the deli section of the store. *Id.* at 63. As she was approaching the counter she slipped in a small puddle of liquid and fell to the floor. *Id.* at 65. Ms. Wyatt was wearing flip-flops at the time of her fall, which she says occurred when her right foot

slipped in front of her causing her to fall backwards. *Id.* at 66. Plaintiff landed on her buttocks first and then on her back, but she was able to catch her balance before her head struck the floor behind her. *Id.*

Immediately after falling Ms. Wyatt noticed a clear puddle of liquid on the floor. *Id.* at 70. Ms. Wyatt testified that she did not see the liquid before her fall, otherwise she would have walked over it because she was pregnant at the time of her fall. *Id.* at 70. Although her clothes absorbed much of the liquid, some remained on the floor. *Id.* at 65. When questioned about how much liquid was absorbed by her clothes Ms. Wyatt replied "my whole bottom was wet. I wasn't extremely wet, but it was wet from the little puddle that I sat in." *Id.* at 71. Ms. Wyatt described the puddle as clear in color like water, in the shape of "little puddles like trails". *Id.* When questioned how long the "puddle trail" was Ms. Wyatt replied: "It wasn't long at all. A short trail of puddle water." *Id.* at 71-72. During her deposition Ms. Wyatt gestured that the trail was about 18 to 24 inches long. *Id.* at 72. A Target employee was able to wipe up the remainder of the puddle with two paper towels. *Id.*

During her deposition Ms. Wyatt was asked if she had any idea where the liquid came from or how long it had been on the floor. She denied any knowledge of the liquid's source or its duration on the floor prior to her fall. *Id.* at 74. Ms. Wyatt also denied hearing any Target employees offer an explanation for the liquid or its duration on the floor. *Id.* Ms. Wyatt could not recall whether there were any marks or streaks through the liquid. *Id.* at 73. Ms. Wyatt also indicated that she has received no information during discovery as to how long the liquid had been on the floor prior to her fall. *Id.* at 75.

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(a) directs that a court "shall grant summary judgment if

2

the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A fact is "material" if it may affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is "genuine" if there is sufficient evidence so that a reasonable jury could return a verdict for either party. *Id.* The court must "review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mutual Auto Insurance Co.*, 784 F.2d 577, 578 (5th Cir. 1986).

The moving party bears the initial responsibility of informing the court of the basis for its motion, and identifying those parts of the record that it believes to demonstrate the absence of a genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Lawrence v. Univ. of Tex. Med. Branch at Galveston*, 163 F.3d 309 (5th Cir. 1999). The moving party need not produce evidence to negate the elements of the non-moving party's case, but need only point out the absence of evidence supporting the non-moving party's case. *Celotex Corp.*, 477 U.S. at 325; *Lawrence*, 163 F.3d at 311.

Once the moving party carries its initial burden, the burden then falls upon the non-moving party to demonstrate the existence of a genuine dispute as to a material fact. *Matsushita Electrical Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). This burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory or unsubstantiated allegations, or by a mere scintilla of evidence. *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). The non-moving party "must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial." *Wallace v. Texas Tech. Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996) (citations omitted). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary

judgment should be granted. *See Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005).

Pursuant to Local Rule 56.1, the moving party shall file a short and concise statement of the material facts as to which it contends there is no genuine issue to be tried. Local Rule 56.2 requires that a party opposing the motion for summary judgment set forth a "short and concise statement of the material facts as to which there exists a genuine issue to be tried." All material facts set forth in the statement required to be served by the moving party "will be deemed admitted, for purposes of the motion, unless controverted as required by this rule." Local Rule 56.2.

## LAW AND ANALYSIS

Louisiana's Merchant Liability statute governs all negligence actions against merchants for damages resulting from injuries sustained in slip and fall accidents. *See* La. R.S. 9:2800.6; *Kennedy v. Wal-Mart Stores, Inc.*, 733 So.2d 1188 (La. App. 4th 1999). A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which might give rise to damages. La. R.S. 9:2800.6(A).

Under the statute a plaintiff has the burden to prove, in addition to the usual burdens in her cause of action, the following elements:

(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

La. R.S 9:2800.6(B).

The term "constructive notice" as defined by statute "means that the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition." La. R.S. 9:2800.6(C)(1).

The Louisiana Supreme Court has held that the phrase "such a period of time" necessarily involves a temporal element which requires a plaintiff relying on constructive notice to demonstrate that the injury-causing condition existed for "some period of time" sufficient to place the merchant on constructive notice of its existence. *White v. Wal-Mart Stores, Inc.*, 699 So.2d 1081, 1082 (La. 1997). "A claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute." *Kennedy*, 733 So.2d at 1191. Moreover, a plaintiff may not rely on mere speculation to meet this burden, "and courts will not infer constructive notice for purposes of summary judgment where the plaintiff's allegations are no more likely than any other potential scenario." *Bagley v. Albertsons, Inc.*, 492 F.3d 323 (5th Cir. 2007) (quotations and citations omitted). This is often a heavy burden for a plaintiff to meet, but failure to prove any of the enumerated elements of La. R.S. 9:2800.6 will prove fatal to plaintiff's cause of action. *Rowell v. Hollywood Casino Shreveport*, 996 So.2d 476, 478 (La. App. 2d Cir. 2008) (citations omitted).

Conversely, a merchant who is sued is never required to make a positive showing of the absence of the condition prior to the fall. *Kennedy*, 733 So.2d at 1190. To require such a showing is an impermissible shifting of the burden to the merchant, which is not provided for by the statute. *White*, 699 So.2d at 1084.

A.     Plaintiff is unable to demonstrate that Target created the unsafe condition.

One avenue for Ms. Wyatt to demonstrate Target's liability for her accident would be to produce evidence that Target created the unsafe condition (the small puddle). Plaintiff alleges in her Complaint that Target is liable for her damages by either "creating a slippery and dangerous surface" or "creating a wet floor surface and failing to highlight such defect." [Doc. #1-1].

Ms. Wyatt offers various theories as to how the puddle could have been created. For instance, she suggests that a faulty refrigerated meat counter could have produced condensation sufficient to form the puddle. [Doc. #20 at 3]. Ms. Wyatt also suggests that the liquid could have dripped from wet packaging pulled from the meat counter by other customers. These are interesting theories, but are at best only speculation. As previously noted, Ms. Wyatt does not know how the small puddle she slipped in came to be on the floor in the deli section of the store. [Wyatt deposition at 75]. She has offered no evidence or testimony to support either theory. Therefore, she cannot sustain her burden of proof on this theory of liability.

B.     Plaintiff is unable to demonstrate that Target had actual or constructive notice of the unsafe condition.

In situations where a hazard is not attributable to the merchant yet it exists on their premises, a merchant may nonetheless be held liable if a plaintiff can demonstrate that the merchant had actual or constructive notice of the condition prior to the occurrence.

Ms. Wyatt has not demonstrated that Target had actual notice of the small puddle prior to her fall. Ms. Wyatt testified in her deposition that she never heard a Target employee give any indication of prior knowledge of the spill. *Id.* at 74. Further, she has presented no evidence in opposition to Target's motion for summary judgment that would indicate Target had actual knowledge of the liquid prior to her slip and fall.

Ms. Wyatt has also failed to demonstrate that Target had constructive notice of the liquid on the floor prior to her slip and fall. Under the plain language of the statute, Plaintiff is required to make a positive showing that the condition existed for some period of time prior to the occurrence. *White*, 699 So.2d at 1082. "The statute does not allow for the inference of constructive notice absent some positive showing of the existence of the condition prior to the fall." *Babin v. Winn-Dixie Louisiana, Inc.*, 764 So.2d 37, 40 (La. 2000).

As stated above, Ms. Wyatt did not see the liquid on the floor prior to her fall. [Wyatt deposition at 70]. Likewise, she has failed to present evidence from any other source to make a positive showing that the temporal element is met in this case. No witness exists who can definitely state that the liquid was on the floor prior to Ms. Wyatt's fall. Further, Ms. Wyatt has not provided evidence regarding unique characteristics of the spill that would indicate that the liquid had been on the floor for some period of time. Plaintiff described the liquid as clear in the shape of "a short trail of puddle water." *Id.* at 71. Plaintiff suggests that this is sufficient to establish the temporal element. This court disagrees. The small puddle in this case lacks characteristics sufficient to make a correlation between its shape and the length of time it existed on the floor without additional evidence concerning its origin. *See Howard v. Family Dollar Store No. 5006*, 914 So.2d 118 (La. App. 2 Cir. 2005); *Compare Bagley*, 492 F.3d 323 (testimony described trail of liquid running the length of aisle and into adjacent aisle). In the absence of any evidence to suggest how the liquid came to be on the floor or how long it had been there, Ms. Wyatt has failed to raise a genuine issue of material fact as to constructive notice. Ms. Wyatt's suggestion that the liquid could have come from condensation from a faulty deli refrigeration system or from packages of meat in another customer's cart are mere speculation, which is insufficient to defeat summary judgment.

Finally, Ms. Wyatt attempts to create an issue of fact in her opposition by noting Target's lack of a specific policy to inspect its floors and aisles on a specific time schedule, and that Target has not offered testimony to demonstrate that an employee inspected the floor in question during the time period leading up to the occurrence. [Doc. #20 at 5].[1] The court finds this argument to lack merit. To require Target to affirmatively demonstrate that an employee inspected the floor within the relevant time period would improperly shift the burden to Target to prove a negative, which the Louisiana Supreme Court unequivocally found to be improper. *See White*, 699 So.2d at 1086.

## CONCLUSION

Based on the foregoing reasons, Defendant's motion for summary judgment is **GRANTED**. Plaintiff's claims are hereby **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED**, this 19 day of November, 2012.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE

---

[1] The court notes that Target does have a safety policy regarding spills. All of Target's employees are responsible for the continuous inspection of the store for floor hazards, including spills, and are required to immediately remedy the problem if one is found. [Deposition of Jennifer Studley at 6].